[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPEAL FROM FAMILY SUPPORT MAGISTRATE MOTION #105
Presently before this court is the state of Connecticut's appeal from the decision of Family Support Magistrate Matasavage, rendered in the New Britain Superior Court on December 14, 1999, wherein the magistrate denied the state's support petition. The following facts are pertinent to the present appeal. On October 19, 1999, the state filed a support petition against the defendant Luis A. Valentin. Attached to the standard support petition form was, inter alia, a verified statement of facts indicating this was an AFDC case and support orders were requested for Angel Valentin, the acknowledged child of Luis A. Valentin. Also attached to the petition was an uncertified copy of an acknowledgment of paternity signed by Madeline Cintron and Luis A. Valentin on August 9, 1999. The petition was served on October 5, 1999 and the case was scheduled for a hearing before the Magistrate Court on November 16, 1999. The defendant failed to appear and the case was continued to December 7, 1999. The defendant failed to appear at this hearing as well. The court continued the matter to December 14, 1999 to allow for articulation of its decision on the record.
Magistrate Matasavage articulated his decision on the matter on December 14, 1999. He found service was made and stated: "it's my understanding . . . that it's the Attorney General's office policy not to provide certified copies of the acknowledgments (Transcript p. 1) The assistant attorney general stated: "That's correct, your Honor, because I CT Page 6704-p believe the way the legislature passed the statute, it does not require, even, that a copy be attached to the support petition. . . . The mere fact that he signed the acknowledgment at the hospital, and was forwarded to the Department of Public Health, it becomes a judgment." (Transcript pp. 1-2.) Magistrate Matasavage found that the acknowledgment should be certified and denied the petition.
The assistant attorney general filed an appeal from the family support magistrate on December 23, 1999. The petition itself was filed on January 25, 2000 and the memorandum in support of the state's appeal is dated March 2, 2000. The form that is utilized to file an appeal from the magistrate court is JD-FM-111 Rev. 2-98. The instructions on the form that are pertinent to deciding this appeal are as follows:
"3. File this form, with the petition attached, with the clerk of the court for the Judicial District where the magistrate's decision was rendered WITHIN FOURTEEN DAYS OF EITHER:
 a. The date the final decision of the magistrate was filed with the clerk, OR b. If a rehearing was requested, the date of filing the notice of the decision thereon, WHICHEVER IS LATER."
Additionally, General Statutes § 46b-231(n)(2) provides in pertinent part: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district in which the decision of the family support magistrate was rendered not later than fourteen days after filing of the final decision with an assistant clerk assigned to the Family Support Magistrate Division or, if a rehearing is requested, not later than fourteen days after filing of the notice of the decision thereon."
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Office of Consumer Counsel v. Dept. of Public Utility Control,234 Conn. 624, 640, 662 A.2d 1251 (1995). The assistant attorney general timely filed the appeal form but did not file the petition until January 25, 2000. As a result, the court finds that the state failed to comply with the timing requirements of General Statutes § 46b-231(n)(2) because the magistrate's decision was rendered on December 17, 1999, and the state did not file the petition within fourteen days of the decision. CT Page 6704-q
For the foregoing reason, the state's appeal is dismissed.